UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
TRAZZ SAWYER,

                    Plaintiff,

   -v-                                               9:14-CV-1198

STEVE LANGDON and
DALE RICHARDS;

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APPEARANCES:                             OF COUNSEL:

TRAZZ SAWYER
Plaintiff, Pro Se
97-B-2413
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411

FELT EVANS LAW FIRM             KEN BOBROW, ESQ.
Counsel for Plaintiff
4-6 North Park Row
Clinton, NY 13323

NEW YORK STATE ATTORNEY'S OFFICE  AIMEE M. COWAN, ESQ.
Attorneys for Defendant
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204-2465

DAVID N. HURD
United States District Judge

## **AMENDED DECISION AND ORDER**

**I.    INTRODUCTION.**

The above matter is pending for trial on February 6, 2018.

A review has been made of the Report and Recommendation by the Honorable

David E. Peebles, dated July 29, 2016 (ECF No. 40, the "R&R") and the Decision and

Order adopting the R&R, dated September 28, 2016 (ECF No. 42).

The following facts are not is dispute:

(1) The plaintiff's complaint (ECF No. 1) alleges two separate claims of excessive force on October 1, 2011 at Bare Hill Correctional Facility in Malone, New York.

(2) The first excessive force claim occurred at the music room. See Complaint, ECF No. 1, ¶¶ 29-40.  Plaintiff references defendant Dale Richards ("Richards") by name 10 times.  Plaintiff also references defendant Steve Langdon ("Langdon") by name 7 times.

(3) The second excessive force claim occurred later in the day at the facility's special housing unit ("SHU"). Id. at ¶¶ 41-48.  Plaintiff's SHU excessive force claim was brought against three John Doe defendants.  Defendants Richards and Langdon are not mentioned once regarding this claim.

(4) The R&R was "accepted and adopted in all respects" by this court.

(5) The R&R states as follows: "[p]laintiff alleges that after being transported to the Bare Hill SHU, he was again assaulted by corrections personnel. At the time he filed the complaint, plaintiff did not know the identities of the corrections officers who assaulted him, and therefore asserted claims related to this allege second assault against three John Doe defendants.  Plaintiff now 'believe[s]' that one of the three corrections officers who assaulted him in the SHU was defendant Richards." See R&R, ECF NO. 40 at 4 (citations omitted).

(6) This "belief" only occurred at the point when Sawyer opposed the defendants' motion for summary judgment.  In an affidavit submitted by plaintiff in opposition to defendants' motion for summary judgment, he stated that while in SHU "[m]ultiple officers hit me as they made me face the wall."  Affidavit of Trazz Sawyer, ECF No. 37-2, ¶ 19.

Plaintiff went on to say that "one of the voices sounded like D. Richards" and he "believed D. Richards was at SHU at 10:55 a.m., at [the] time of the beating." Id.

(7) The three John Doe defendants were all dismissed from the SHU excessive force claim.

(8) Richards denies being in the SHU on October 1, 2011.

(9) No excessive force claim regarding the SHU encounter was ever made against defendant Langdon.

## II.   DISCUSSION.

The fact that plaintiff now "believes" that Richards may have been in the SHU on October 1, 2011 is completely insufficient to support a second excessive force claim against Richards.

Under Second Circuit precedent, "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir.1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir.1991)).  In order to prevail on a § 1983 cause of action against an individual, a plaintiff must show some "tangible connection" between the unlawful conduct and the defendant.  See Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).

Even considering the statements in Sawyer's affidavit in the light most favorable to plaintiff, he only alleges that he believes Richards was in SHU at the time of the alleged assault and that he heard a voice which he believed to that of Richards.  However, neither provides actual personal involvement on the part of Richards in the alleged assault.

It is true that a corrections officer who did not participate in an assault upon an inmate, but was present while it occurred, may nonetheless bear responsibility for any

3

resulting constitutional deprivation.  See Anderson v. Branen, 17 F.3d 552, 557 (2d Cir.1994).  In order to establish liability on the part of a defendant under this theory, the plaintiff must adduce evidence establishing that (1) the officer had a realistic opportunity to intervene and prevent the harm, (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated, and (3) that officer does not take reasonable steps to intervene. Henry v. Dinelle, 2011 WL 5975027, at *4 (N.D.N.Y. Nov. 29, 2011) (Suddaby, D.J.).  Inattention or inadvertence, it should be noted, does not rise to a level of deliberate indifference sufficient to support liability for failure to intervene. Schultz v. Amick, 955 F. Supp. 1087, 1096 (N.D.Iowa 1997).

Again, Sawyer's affidavit provides no information except that he believed Richards might have been in the room.  It does not allege that Richards had a realistic opportunity to intervene and prevent harm to plaintiff or otherwise sufficiently allege a failure to intervene claim against Richards.

Lastly, it would also be extremely prejudicial against both defendants to allow testimony regarding the alleged SHU assault at the trial.

As a result of the above, the Decision and Order must be amended and clarified.

## III.    CONCLUSION.

Therefore, it is ORDERED that:

(1) Paragraph 4 of the September 28, 2016 Decision & Order (ECF No. 42) is amended to read as follows: "plaintiff's excessive force claim, if any, against defendants Richards and Langdon is DISMISSED WITH PREJUDICE regarding the alleged use of excessive force in the Special Housing Unit at Bare Hill Correctional Facility on October 1, 2011 and defendants' motion is DENIED regarding the alleged use of excessive force

4

against defendants Richards and Langdon outside the music room and hallway at Bare Hill Correctional Facility on October 1, 2011";

(2) the testimony at trial shall be limited to the alleged use of excessive force by defendants Richards and Langdon outside the music room and hallway at Bare Hill Correctional Facility on October 1, 2011 and any injuries plaintiff may have sustained from that event; and

(3) any testimony regarding the alleged use of force in the Special Housing Unit at Bare Hill Correctional Facility on October 1, 2011 and any injuries plaintiff may have sustained from that event is PRECLUDED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: February 5, 2018
       Utica, New York