UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
TRAZZ SAWYER;

                Plaintiff,

  -v-                                          9:14-CV-1198
                                              (DNH/DEP)

STEVE LANGDON and DALE RICHARDS;

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APPEARANCES:                                  OF COUNSEL:

FELT EVANS LAW FIRM                    KENNETH L. BOBROW, ESQ.
Counsel for Plaintiff
4-6 North Park Row
Clinton, New York 13323

TRAZZ SAWYER, 97-B-2413
*Pro se* plaintiff
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411

HON. LETITIA JAMES                     AIMEE COWAN, ESQ.
Attorney General for the State of New York     Ass't Attorney General
Attorneys for Defendants
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

     Plaintiff Trazz Sawyer ("Sawyer") brought this action against defendants Steve Langdon

("Langdon") and Dale Richards ("Richards"), each a corrections officer at Bare Hill Correctional

Facility ("Bare Hill") at the relevant time, pursuant to 42 U.S.C. § 1983, alleging that they used

excessive force upon plaintiff in violation of the Eighth Amendment. After a three day trial, the jury rendered a verdict in favor of defendants on June 13, 2018. Judgment was then entered in favor of defendants on June 14, 2018. Presently under consideration is plaintiff's motion for a new trial and for reconsideration. Defendants have filed opposition to plaintiff's motion.

## II. BACKGROUND.

Familiarity with the procedural and factual background of this case is presumed, and portions of the background are recited only where necessary to decide the pending motion.

## III. LEGAL STANDARDS.

*(i) New Trial Motion.*

Pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, a district court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." In this Circuit, in order to grant a motion for a new trial under Rule 59(a), a court "must conclude that the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice, i.e., it must view the jury's verdict as against the weight of the evidence." Manley v. AmBase Corp., 337 F.3d 237, 245 (2d Cir. 2003). "[A] new trial under Rule 59(a) may be granted even if there is substantial evidence supporting the jury's verdict, and ... a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner." Id. at 244–45. The task before the court is to balance "respect [for] the jury's findings ... with avoidance of miscarriage of justice and" the court may only grant a new trial if, after viewing all the evidence, it has "a definite and firm conviction that a mistake has been committed." Cunningham v. Town of Ellicott, 2007 WL 1756502, at *4 (W.D.N.Y. June 18, 2007).

*(ii) Motion to Reconsideration*.

The party moving for reconsideration has a heavy burden. See Krug v. City of Troy, 2010 WL 5138376, at *2 (N.D.N.Y. Dec. 10, 2010) (S.J. McAvoy). In general, a motion for reconsideration may only be granted upon one of three grounds: "(1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." Shannon v. Verizon N.Y., Inc., 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007) (Kahn, D.J.); see also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). The standard for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

## III. DISCUSSION.

(A) *Motion for New Trial.*

Sawyer seeks a new trial based upon alleged deficiencies in the June 2018 trial.

*(i) Self Representation & Attendance at Conferences.*

Saywer argues that it was in error to remove him for self representation during the trial and similarly, it was in error to preclude him from certain conferences which took place.

28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." See 28 U.S.C. § 1654. The Second Circuit has found that "parties have the right to plead and conduct their own cases. . . " See Phillips v. Tobin, 548 F.2d 408, 411 (2d Cir. 1976); see also O'Reilly v. New York Times Co., 692 F.2d 863, 867-70 (2d Cir. 1982). However,

"'[t]he right to self-representation, though asserted before trial, can be lost by disruptive behavior during trial, constituting constructive waiver.'" Davis v. Grant, 532 F.3d 132, 143, n. 5 (2d Cir. 2008) (quoting United States v. Dougherty, 473 F.2d 1113, 1124 (D.C. Cir. 1972)). "The right of self-representation is not a license to abuse the dignity of the courtroom" or "a license not to comply with relevant rules of procedural and substantive law." Faretta v. California, 422 U.S. 806, 834 n. 46 (1975); see also United States v. Edelmann, 458 F.3d 791, 808-09 (8th Cir. 2006) ("The right [to self-representation] does not exist . . . to be used as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process.")

On October 28, 2016, Sawyer requested that standby counsel be appointed to him and Mr. Bobrow was so appointed on January 25, 2017. See Jan. 25, 2017 Text Order. Plaintiff stated that he wished to represent himself at trial and prepared and submitted the required pre-trial submissions. On the first day of the trial on June 11, 2018, plaintiff presented his own opening statement, questioned witness Stephen Farrell, testified on his own behalf with the assistance of Mr. Bobrow and partially questioned defendant Langdon. During his questioning of defendant Langdon, plaintiff was admonished several times for his repeated attempts at narration and improper questioning of Langdon. At the conclusion of the first day of testimony, it was ordered that Mr. Bobrow would assume representation of plaintiff for the remainder of the trial, including closing statements. The decision to have Mr. Bobrow assume primary responsibility for the litigation resulted from plaintiff's disruptive behavior and inability to properly question the defendant witnesses. Therefore, the appointment of Mr. Bobrow as trial counsel for plaintiff does not warrant a new trial.

Further, Mr. Bobrow participated in all pretrial and trial conferences and conveyed Sawyer's concerns and objections and more than adequately represented plaintiff's interest. As a result, the exclusion of plaintiff from these conferences does not warrant a new trial.

*(ii) Adequacy of Jury Instructions.*

Sawyer further asserts that the jury instructions concerning the absence of injury created prejudicial error warranting a new trial.

Erroneous or inadequate jury instructions may constitute grounds for a new trial, provided the errors are "prejudicial in light of the charge as a whole." Lore v. City of Syracuse, 670 F.3d 127, 156 (2d Cir. 2012). An erroneous jury instruction "misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." Id. (citing Perry v. Ethan Allen, Inc., 115 F.3d 143, 153 (2d Cir. 1997)); see also Worytko v. Cty. of Suffolk, 285 Fed.Appx. 794, 795 (2d Cir. 2008). An error in a jury instruction is not prejudicial "when [the court is] persuaded it did not influence the jury's verdict." Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 56 (2d Cir. 2012). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." Lore, 670 F.3d at 156 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)). A new trial is not warranted if the instructions "'read as a whole, presented the issues to the jury in a fair and evenhanded manner.'" Turley v. ISG Lackawanna, Inc., 774 F.3d 140, 152 (2d Cir. 2014) (quoting Lore, 670 F.3d at 156).

Sawyer argues that he proposed the following jury instruction and that it was improperly excluded in the instructions given to the jury: "the absence of any serious injury from an alleged assault by prison personnel, while relevant, does not necessarily negate a finding that force has been applied wantonly and maliciously." See Pl.'s Memo, at 17.

However, the jury instructions provided did not require serious injury for the jury to find excessive force against either of the defendants. See Jury Instructions, at 14-15 ("[P]laintiff must show that the defendant under consideration unnecessarily and wantonly inflicted pain upon him and that plaintiff suffered at least some harm as a result of the defendant under consideration's use of force."). Further, the jury instructions with regards to damages clearly did not require a

serious injury and additionally provided the jury the ability to award nominal damages in the event that the particular defendant utilized excessive force against Sawyer, but such constitutional violation did not result in any injury to plaintiff. See id. at 20 ("Injuries include pain and suffering related to physical injuries, mental anguish, and emotional distress caused by the defendant under consideration."). Therefore, plaintiff has failed to demonstrate that the jury instruction given was erroneous.

Additionally, Sawyer argues that the failure to give the following instruction was erroneous, "a direct order [from corrections' officers] should be deemed insufficient to warrant a use of force, or excessive force minus an actual threat, or fear of threat." In the instructions provided, the jury was correctly instructed as to the test in the Second Circuit with regards to excessive force under the Eighth Amendment, regardless of whether a direct order was given to the prisoner. See id. at 14-15. As a result, Sawyer has failed to demonstrate that the jury instructions were erroneous or warrant a new trial.

*(iii) Excluded Evidence.*

Sawyer next asserts that the exclusion of evidence of his conditions of confinement while in the Special Housing Unit at Bare Hill after October 1, 2011 was in error and warrants a new trial.

A district court has broad discretion over the admission of evidence at trial. See Kogut v. Cty. of Nassau, 789 F.3d 36, 47 (2d Cir. 2015); Stampf v. Long Island R. Co., 761 F.3d 192, 203 (2d Cir. 2014). A new trial may be warranted if the district court made substantial errors in admitting or excluding evidence, provided that the errors caused the jury to reach a seriously erroneous result or its verdict is a miscarriage of justice. See Stampf, 761 F.3d at 203; Nimely v. City of New York, 414 F.3d 381, 399 (2d Cir. 2005); Leo v. Long Island R.R. Co., 307 F.R.D. 314, 321 (S.D.N.Y.2015) ("[S]uch relief is not to be granted unless the movant demonstrates that

the error was not harmless, that is, [that] it is likely that in some material respect the factfinder's judgment was swayed by the error."). In considering whether the error warrants a new trial, the court should consider it in light of the record as a whole. See Johnson v. Strive E. Harlem Emp't Grp., 990 F. Supp. 2d 435, 450 (S.D.N.Y.2014) ("Where there has been an objection, a new trial is warranted if the Court's evidentiary ruling was clearly prejudicial to the outcome of the trial, taking into account the record as a whole.").

Sawyer states that he wished to present evidence related to the conditions of his confinement in the Special Housing Unit at Bare Hill, including that he attempted fo file grievances but his attempts were thwarted by prison staff and that he was provided inadequate medical care. This proposed testimony all relates to claims and defendants that were dismissed prior to trial. Plaintiff failed then, and continues to fail to demonstrate how such testimony is relevant to the claims that were considered by the jury at trial - the alleged excessive force utilized by Langdon and Richards outside the music room on October 1, 2011.

Therefore, the failure to admit Sawyer's testimony with regards to the conditions of his confinement did not constitute a miscarriage of justice warranting a new trial.

*(B) Motion for Reconsideration.*

In his motion, Sawyer appears to seek reconsideration of the dismissal of numerous causes of action which have previously occurred in this case, including: (i) an Eighth Amendment claim against defendant nurse Mulverhill, which was dismissed upon initial review of the complaint by order dated December 31, 2014 (ECF No. 4); (ii) a due process claim against defendants Phelix and Prack, which was dismissed at the summary judgment stage by a Decision and Order dated September 28, 2016 (ECF No. 42) and (iii) an excessive force claim against defendant Langdon, which was dismissed by an Amended Decision and Order, dated February 5, 2018 (ECF No. 87).

Pursuant to New York Northern District Local Rule 7.1(g), "a party may file and serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, decrees." As a result, Sawyer's motion for reconsideration is not timely with respect to these previously dismissed claims.

Regardless of their untimeliness, Sawyer has not presented evidence or argument to justify reconsideration under prevailing law - an intervening change in law, the availability of new evidence or the need to correct a clear error of law or prevent manifest injustice. For the same reasons discussed in the prior decisions and orders cited, the causes of action cited by Sawyer were properly dismissed. As a result, Sawyer's motion for reconsideration will be denied in its entirety.

## IV. CONCLUSION.

Sawyer has not demonstrated entitlement to a new trial pursuant to Federal Rule of Civil Procedure 59 or to reconsideration of his previously dismissed causes of action. As a result, his motion will denied in its entirety.

Therefore, it is

ORDERED that

1. Plaintiff's motion for a new trial and for reconsideration (ECF No. 110) is **DENIED**; and

2. The Clerk serve a copy of this Decision and Order upon plaintiff in accordance with the Local Rules and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 28, 2019
       Utica, New York.